NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0690n.06

No. 09-5342

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 05, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| MYONG ROGERS, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |
| | ) | |

BEFORE:    MARTIN, COLE and CLAY, Circuit Judges.

**COLE, Circuit Judge**. Defendant-Appellant Myong Rogers appeals her within-Guidelines sentence of fifty-seven months as substantively unreasonable. However, she challenges neither her conviction nor the calculation of her sentence range under the U.S. Sentencing Guidelines ("Guidelines"). For the reasons below, we **AFFIRM**.

I.

Rogers is a fifty-six year old woman of South Korean origin. She has no prior convictions. Until her arrest and conviction on the current charges, Rogers was the owner and operator of a massage parlor in Burlington, Kentucky that also provided sexual services from at least January 2007 until May 2008. At the parlor, customers paid a "front fee" for legitimate therapeutic services, which Rogers kept, and could negotiate a "back fee" or "tip" for sexual services, which the masseuse kept. Customers paid these amounts either by cash or credit card. The masseuses lived and ate their meals

at the parlor, and the only money the masseuses earned derived from the sexual services they provided to customers. Rogers's parlor was one of a loosely affiliated network of several such Korean-American massage parlors providing sexual services in several states. These parlors pooled resources and transferred masseuses between the parlors.

On May 20, 2008, the police arrested Rogers for owning and operating the parlor. Following her release on bond, Rogers was rearrested for a bond violation based on a confidential informant's report that she was still operating the parlor and offering sexual services there. After a jury trial, Rogers was convicted of one count of racketeering under 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fifteen counts of using a facility in interstate commerce to promote unlawful activity under 18 U.S.C. § 1952(a)(3), and two counts of criminal forfeiture under 18 U.S.C. § 981 and 28 U.S.C. § 2461. The district court calculated the applicable Guidelines range to be forty-six to fifty-seven months. The court sentenced Rogers to fifty-seven months' imprisonment, the top of the Guidelines range, to be followed by three years of supervised release. The court based its decision on the circumstances of Rogers's enterprise (including the economic dependency of the masseuses on provision of sexual services), her crime's seriousness, her lack of remorse, specific deterrence, local problems with prostitution, and the effect of prostitution on public safety and on others. Rogers timely appealed her sentence.

**II.**

A defendant's sentence must be reasonable. *Gall v. United States*, 552 U.S. 38, 46 (2007). We review a sentence's substantive unreasonableness for abuse of discretion. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 46). "A sentence may be

considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (internal citation omitted). Moreover, a within-Guidelines sentence is "afforded a rebuttable presumption of reasonableness on appeal." *Id.* (internal citation omitted).

Rogers advances five arguments in her attempt to rebut this presumption: (1) she is not a typical RICO offender; (2) the district court placed inordinate weight on the need for deterrence; (3) the district court mischaracterized her crime, and this sort of prostitution, as possessing human-trafficking characteristics; (4) the district court did not take account of her low risk of recidivism; and (5) under 28 U.S.C. § 994(j), prison is not normally appropriate for a first-time offender.

None of these arguments rebuts the presumption of reasonableness we afford her sentence. Rogers does not contest that the government had discretion to charge her under RICO and that it successfully proved the elements required to convict her under that statute. Moreover, while the district court acknowledged that others prosecuted for similar conduct were not charged under RICO, the court found those individuals not similarly situated to Rogers for various reasons, and permissibly rejected Rogers's characterization of her acts as comparatively insignificant. Her sentence also reflected her comparatively less egregious behavior under RICO, given that her sentence of slightly over four-and-a-half years is significantly less than the maximum sentence under § 1962 of twenty years in prison. *See* 18 U.S.C. § 1963(a); *cf. United States v. Gray*, 521 F.3d 514, 541 (6th Cir. 2008) (affirming RICO sentence of 180 months for non-violent, financial crimes).

Rogers's second and fourth arguments are equally unavailing. As to general deterrence, the district court specifically stated that it did not believe a sentence of only fifty-seven months would be adequate to deter others, though it also permissibly discussed the need for such deterrence in the northern-Kentucky area. 18 U.S.C. § 3553(a)(2)(B); *see also, e.g.*, *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). As to specific deterrence and Rogers's risk of recidivism, the district court did not abuse its discretion in pointing to Rogers's course of conduct here, including her bond violation. 18 U.S.C. § 3553(a)(2)(A); *see also, e.g.*, *United States v. Cherry*, 487 F.3d 366, 370 (6th Cir. 2007). "Because [Rogers's] argument[s on these points] ultimately boil[] down to . . . assertion[s] that the district court should have balanced the § 3553(a) factors differently, [they are] simply beyond the scope of our appellate review . . . ." *Sexton*, 512 F.3d at 332 (internal quotation marks omitted).

Moreover, the facts in the record sufficiently support the court's characterization of Rogers's crime as possessing characteristics similar to human trafficking, because the record shows that the masseuses lived, ate their meals, and earned their livelihood from sexual services at the parlor, as well as were transferred from parlor to parlor. Finally, Rogers's reliance on 28 U.S.C. § 994(j) is misguided, because that provision is directed towards the U.S. Sentencing Commission, not the judiciary. *See* 28 U.S.C. § 994(j). In sum, the district court properly considered and grounded its decision on the § 3553(a) factors. *See Conatser*, 514 F.3d at 520.

### III.

For the foregoing reasons, we **AFFIRM** Rogers's sentence of fifty-seven months.